People v James QQ. (2024 NY Slip Op 05919)

People v James QQ.

2024 NY Slip Op 05919

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CR-23-2052
[*1]The People of the State of New York, Respondent,
v
James QQ., Appellant.

Calendar Date:November 18, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Todd G. Monahan, Schenectady, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.

Clark, J.
Appeal from an order of the County Court of Greene County (Ryan T. McAllister, J.) entered August 2, 2023, which dismissed defendant's application for resentencing pursuant to CPL 440.47, without a hearing.
Defendant is serving two concurrent prison terms of 25 years, to be followed by five years of postrelease supervision, for his convictions of manslaughter in the first degree and assault in the first degree. The convictions stem from defendant's conduct, acting in concert with a codefendant, in beating the victim with a metal pipe and stomping on his head, causing fatal head injuries. On appeal, we affirmed defendant's convictions, with a modification to correct the sentence. In 2022, defendant sought permission to apply for resentencing pursuant to the provisions of the Domestic Violence Survivors Justice Act (hereinafter DVSJA) (see CPL 440.47 [1] [c]; Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). County Court granted such permission, finding that defendant had satisfied the step one eligibility criteria for alternative sentencing (see CPL 440.47 [1] [a]). Thereafter, represented by counsel, defendant applied for resentencing. Upon reviewing the application, County Court dismissed it without prejudice, finding that defendant failed to support his application with the type of evidence required under step two to corroborate his claim that he was a victim of domestic violence at the time of the offenses (see CPL 440.47 [2] [c]). Defendant appeals.
Although not initially raised by the parties,[FN1] for the reasons stated in People v Melissa OO. (___ AD3d ___, ___ [3d Dept 2024] [decided herewith]), we are constrained to find that where, as here, a defendant's application for resentencing pursuant to the DVSJA is dismissed without prejudice due to a failure to satisfy the evidentiary requirements under step two (see CPL 440.47 [2] [c]), such an order of dismissal is not appealable (see CPL 440.47 [3]). Therefore, the instant appeal must be dismissed.
Garry, P.J., Egan Jr., Pritzker and Mackey, JJ., concur.
ORDERED that the appeal is dismissed.

Footnotes

Footnote 1: The Court requested that the parties address the appealability of an order dismissing a DVSJA application without prejudice before a hearing, and we have reviewed the parties' submissions.